**FILED**
CLERK, U.S. DISTRICT COURT

4/2/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MRV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ALFRED ERIC ESTRADA,<br><br>　　　　　Defendant. | CR　2:25-cr-00239-CV<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi): Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearm in Furtherance of a Drug Trafficking Crime; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 26 U.S.C. § 5861(i): Possession of a Firearm without a Serial Number; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about December 7, 2023, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA knowingly and intentionally possessed with intent to distribute at least fifty grams, that is, approximately 1.91 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about March 19, 2024, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 1.75 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about March 19, 2024, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 159.39 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

4

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about August 22, 2024, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA knowingly and intentionally possessed with intent to distribute at least forty, that is, approximately 110.25 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about December 7, 2023, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA knowingly possessed ammunition, namely, ten rounds of Remington .22 caliber LR ammunition and eight rounds of Poongsan Metal Corporation 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant ESTRADA possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Inflicting Corporal Injury to a Spouse, in violation of California Penal Code Section 273.5(A), in the Superior Court of the State of California, County of Ventura, case number 43925, on or about July 7, 1998;

2.    Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

3.    Making Criminal Threats, in violation of California Penal Code Section 422, in the Superior Court of the State of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

4.    Exhibiting a Deadly Weapon, in violation of California Penal Code Section 417(a)(1), in the Superior Court of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

6

5.     Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Ventura, case number 2010043644, on or about December 8, 2010;

6.     Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379, in the Superior Court of the State of California, County of Ventura, case number 2010043644, on or about December 8, 2010;

7.     Conspiracy to Sell Methamphetamine, in violation of California Penal Code Section 182(a)(1), in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016;

8.     Possession for Sale of Methamphetamine, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016;

9.     Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016; and

10.    Possession for Sale of Cocaine, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about March 19, 2024, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA knowingly possessed the following ammunition, in and affecting interstate and foreign commerce:

1.    Eleven rounds of Poongsan Metal Corporation .308 Winchester ammunition;

2.    Seven rounds of Winchester .308 caliber ammunition;

3.    Two rounds of Winchester 12-gauge ammunition;

4.    One round of Sellier & Bellot 12-gauge ammunition;

5.    Five rounds of Winchester 9mm Luger caliber ammunition;

6.    Five rounds of Poongsan Metal Corporation 9mm Luger caliber ammunition;

7.    Five rounds of Blazer 9mm Luger caliber ammunition; and

8.    One round of NORINCO-Jinan .223 caliber ammunition.

Defendant ESTRADA possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Inflicting Corporal Injury to a Spouse, in violation of California Penal Code Section 273.5(A), in the Superior Court of the State of California, County of Ventura, case number 43925, on or about July 7, 1998;

2.    Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

3. Making Criminal Threats, in violation of California Penal Code Section 422, in the Superior Court of the State of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

4. Exhibiting a Deadly Weapon, in violation of California Penal Code Section 417(a)(1), in the Superior Court of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

5. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Ventura, case number 2010043644, on or about December 8, 2010;

6. Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379, in the Superior Court of the State of California, County of Ventura, case number 2010043644, on or about December 8, 2010;

7. Conspiracy to Sell Methamphetamine, in violation of California Penal Code Section 182(a)(1), in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016;

8. Possession for Sale of Methamphetamine, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016;

9. Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016; and

10.    Possession for Sale of Cocaine, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016.

COUNT SEVEN

[18 U.S.C. § 922(g)(1)]

On or about August 22, 2024, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA knowingly possessed the following ammunition, in and affecting interstate and foreign commerce: ten rounds of Remington .22 caliber Luger ammunition; loaded into an automatic, .22 caliber, Remington 10/22 shotgun with an obliterated serial number.

Defendant ESTRADA possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Inflicting Corporal Injury to a Spouse, in violation of California Penal Code Section 273.5(A), in the Superior Court of the State of California, County of Ventura, case number 43925, on or about July 7, 1998;

2.   Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

3.   Making Criminal Threats, in violation of California Penal Code Section 422, in the Superior Court of the State of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

4.   Exhibiting a Deadly Weapon, in violation of California Penal Code Section 417(a)(1), in the Superior Court of California, County of San Diego, case number SCD214544, on or about December 1, 2004;

11

5.   Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Ventura, case number 2010043644, on or about December 8, 2010;

6.   Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379, in the Superior Court of the State of California, County of Ventura, case number 2010043644, on or about December 8, 2010;

7.   Conspiracy to Sell Methamphetamine, in violation of California Penal Code Section 182(a)(1), in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016;

8.   Possession for Sale of Methamphetamine, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016;

9.   Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016; and

10.   Possession for Sale of Cocaine, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about September 1, 2016.

COUNT EIGHT

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about March 19, 2024, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA knowingly possessed a firearm, namely, a semi-automatic, .223 caliber short barreled rifle, bearing no serial number (commonly referred to as a "ghost gun"), in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Two of this Indictment, and Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi) as charged in Count Three of this Indictment.

COUNT NINE

[26 U.S.C. § 5861(d)]

On or about March 19, 2024, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA ("ESTRADA") knowingly possessed a firearm, namely, a .223 caliber short barreled rifle, with a barrel less than 16 inches in length, bearing no serial number, which defendant ESTRADA knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant ESTRADA in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT TEN

[26 U.S.C. § 5861(i)]

On or about March 19, 2024, in Ventura County, within the Central District of California, defendant ALFRED ERIC ESTRADA, knowingly possessed a firearm, namely, a .223 caliber short barreled rifle, with a barrel less than 16 inches in length, bearing no serial number, which defendant ESTRADA knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which was not identified by a serial number, as required by Chapter 53, Title 26, United States Code.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

16

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Five through Eight of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearms or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

///

///

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Nine through Ten of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

20

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

CLIFFORD D. MPARE
Assistant United States Attorney
General Crimes Section

21