BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
IRICEL E. PAYANO (Cal. Bar No. 349141)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3899
    Facsimile: (213) 894-0141
    E-mail:   iricel.payano@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>ALFRED ERIC ESTRADA,<br><br>       Defendant. | No. 2:25-CR-00239-CV<br><br>PLEA AGREEMENT FOR DEFENDANT ALFRED ERIC ESTRADA |

1.    This constitutes the plea agreement between ALFRED ERIC ESTRADA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one, two, three, and four of the indictment in United States v. Alfred Eric

KWK

Estrada, Case No. 2:25-CR-00239-CV, which charge defendant with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (counts one and two) and possession with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl") in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(B)(vi) (counts three and four).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.   Defendant further agrees to:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i.    $7,256 seized from defendant on December 7, 2023;

ii.   $2,147 seized from defendant on March 1, 2024;

iii. $2,241 seized from defendant on August 22, 2024;

iv.   Eight Rounds PMC Ammunition CAL:9 (24-ATF-035570);

v.    Two Rounds PMC Ammunition CAL:9 (24-ATF-035571);

vi.   One Ruger Mini 14 Ranch Rifle CAL: 223 SN: 183-28510 (24-ATF-035572);

vii. One Unknown Manufacturer, Unknown Rifle CAL:223 SN: None (24-ATF-035573);

viii.    Five Rounds Assorted Ammunition CAL: Assorted (24-ATF-035574);

ix.   Unknown Manufacturer PF940C Pistol CAL: Unknown SN: None (24-ATF-035575);

x.    Browning Challenger Pistol CAL:22 SN:111814U8 (24-ATF-035576);

xi.   One Colt MKIV Pistol CAL:45 SN: 31503G70 (24-ATF-035577);

xii. Forty-seven Rounds Assorted Ammunition CAL: Assorted (24-ATF-035578); and

xiii.    One Mossberg 500A Shotgun CAL: 12 SN: L950200 (24-ATF-035579) (the "Forfeitable Property").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including,

3

without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

f.    Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

g.    To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.    That forfeiture of the Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

4

j.    That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

k.    With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment. Defendant acknowledges that forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<u>THE USAO'S OBLIGATIONS</u>

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

    d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section. Defendant further agrees that he may be treated as if he had been convicted of the dismissed charges for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of each charge.  Defendant waives the right to challenge the sufficiency of the factual basis as to any element of any dismissed charge.  The parties also agree that the government may respond to a request by defendant for a sentence below the government's recommendation.

## NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in counts one and two, that is, possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) defendant knowingly possessed a controlled substance, namely, methamphetamine; and (2) defendant possessed it with the intent to distribute it to another person.

6.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 50 grams or

6

more of methamphetamine.  Defendant admits that defendant, in fact, possessed with intent to distribute at least 50 grams or more of methamphetamine, as described in counts one and two of the indictment.

7.   Defendant understands that for defendant to be guilty of the crime charged in counts three and four, that is, possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), the following must be true: (1) defendant knowingly possessed a controlled substance, namely, fentanyl; and (2) defendant possessed it with the intent to distribute it to another person.

8.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 40 grams or more of a mixture and substance containing a detectable amount of fentanyl.  Defendant admits that defendant, in fact, possessed with intent to distribute at least 40 grams or more of fentanyl as described in counts three and four of the indictment.

PENALTIES

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), as charged in counts one and two of the indictment, is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of

21 U.S.C. §§ 841 (a)(1), (b)(1)(a)(viii), as charged in counts one and two of the indictment, is: 10 years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

11.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), as charged in counts three and four of the indictment, is: 40 years' imprisonment; a life period of supervised release; a fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12.  Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(vi), as charged in counts three and four of the indictment, is: five years' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.

13.  Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $30,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $400.

14.  Defendant understands that, under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or

assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

15. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

16. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to felonies and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

17. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

18.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 20 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between December 7, 2023, through August 22, 2024, in Ventura County, within the Central District of California, defendant possessed with intent to distribute methamphetamine or fentanyl on three separate occasions.

First, on December 7, 2023, law enforcement found nearly two kilograms of methamphetamine during a search of defendant's car following a traffic stop arrest.  Before yielding for the traffic stop, defendant fled down the 101 freeway and threw red fluid and

various objects out of his window, forcing the officers to pursue him down the freeway.  Once he exited the freeway and stopped, officers saw, in plain view, methamphetamine spread out on the passenger's seat, center console, and driver's seat.  A search of the car, which is registered to defendant, revealed: $7,000 cash, a digital scale, approximately 1.9 kilograms of methamphetamine, and several rounds of 9mm ammunition and .22 caliber ammunition.

Second, on March 19, 2024, law enforcement conducted a parole search of defendant's home and recovered 1.75 kilograms of methamphetamine and 159.39 grams of fentanyl.

Finally, on August 22, 2024, law enforcement found additional drugs after conducting another traffic stop on defendant's car for an expired registration and the license plates tags.  During a search of the car, officers found a Rockstar energy drink can with a concealed top that contained 250 Xanax pills, a Clorox container with a concealed top that contained fentanyl powder, and a can of Tire Shine with a false bottom, containing three individually packed baggies containing fentanyl powder.  In total, officers located 110.25 grams of fentanyl in the various disguised containers.

After this contact, officers conducted a search of defendant's home and another one of his cars.  The car contained several plastic baggies and three different scales, two of which contained a residue resembling fentanyl.  During the search of the residence, defendant's wife informed officers that defendant had a storage unit in the area.  Accordingly, officers conducted a parole search of the storage unit and found a Remington 10/22 shotgun loaded with 10 rounds of .22 caliber ammunition.  The rifle did not have a serial number and law enforcement determined that it had been obliterated.  This firearm

and ammunition were manufactured outside of the state of California, therefore these items traveled in interstate commerce for defendant to possess them in his storage unit.

In total, defendant possessed with the intent to distribute approximately 3,660.23 grams of methamphetamine and ~~295.14~~ 269.64 grams of fentanyl on these three different dates.

At the time defendant possessed the aforementioned firearm and ammunition in his storage unit on August 22, 2024, defendant knew he had been previously convicted of the following felonies:

1) Inflicting Corporal Injury to a Spouse, in violation of California Penal Code Section 273.5(A), in the Superior Court of the State of California, County of Ventura, case number ~~43925~~ CR43925, on or about ~~July 7,~~ August 4, 1998;

2) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of ~~San Diego~~ Ventura, case number ~~SCD214544~~ 2004048525, on or about ~~December 1, 2004~~ May 11, 2005;

3) Making Criminal Threats, in violation of California Penal Code Section 422, in the Superior Court of the State of California, County of ~~San Diego~~ Ventura, case number ~~SCD214544~~ 2004048525, on or about ~~December 1, 2004~~ May 11, 2005;

4) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Ventura, case number 2010043644, on or about ~~December 8, 2010~~ January 30, 2013;

5) Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11379, in the Superior

12

Court of the State of California, County of Ventura, case number 2010043644, on or about ~~December 8, 2010~~ January 30, 2013;

6) Conspiracy to Sell Methamphetamine, in violation of California Penal Code Section 182(a)(1), in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about ~~September 1, 2016~~ August 2, 2017;

7) Possession for Sale of Methamphetamine, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about ~~September 1, 2016~~ August 2, 2017;

8) Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about ~~September 1, 2016~~ August 2, 2017; and

9) Possession for Sale of Cocaine, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Ventura, case number 2016035291, on or about ~~September 1, 2016~~ August 2, 2017.

SENTENCING FACTORS

19. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

13

be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

20. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | 36 | U.S.S.G. §§ 2D1.1(a)(5), | |
|   - Between 1.5 kilograms and 4.5 kilograms of actual methamphetamine | | | (c)(3) |
| Adjustments: | | | |
|   - Reckless Endangerment During Flight | +2 | U.S.S.G. § 3C1.2 | |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

21. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

22. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

23. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

14

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

24.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

WAIVER OF APPEAL AND COLLATERAL ATTACK

25.   Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 35 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

26.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty

are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

27. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

RESULT OF WITHDRAWAL OF GUILTY PLEA

28. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

29. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410

17

of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible. Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

30. Defendant agrees that if the counts of conviction are vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

31. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

32. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

33. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

34. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

35. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

19

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 20 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

36.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

NO ADDITIONAL AGREEMENTS

37.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

20

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

38.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
First Assistant United States
Attorney

_____        11/17/2025
IRICEL E. PAYANO                        _____
Assistant United States Attorney        Date

_____        11/14/2025
ALFRED ERIC ESTRADA                     _____
Defendant                               Date

_____        11/14/2025
JAMES S. THREATT                        _____
Attorney for Defendant                  Date
ALFRED ERIC ESTRADA

22

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          11/14/25
ALFRED ERIC ESTRADA                       Date
Defendant

23

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ALFRED ERIC ESTRADA's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          11/14/2025
JAMES S. THREATT                          Date
Attorney for Defendant
ALFRED ERIC ESTRADA

24